

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-2273
Re: Whether reinstatement agree-
ment must be stamped under
Article 7047e, Vernon's Civil
Statutes.

In your letter of April 23, 1940, you submit to
us the following facts:

"In 1938, when renewals were not subject to
the tax provided under Article 7047e, RCS, an
insurance company filed a deed of trust for
$20,000.00, of which $13,000.00 was renewal and
the remaining $7,000.00 was new money. The tax
was paid on the $7,000.00 at the time the instru-
ment was filed. In about a year the company,
not having collected the first installment or
interest due, accelerated the maturity of the
loan and started foreclosure proceedings. The
borrower later put the debt in good standing.
Now, in order to reinstate the original status
of the deed of trust, the company is filing a
Reinstatement Agreement. This agreement recites
that the notes given in 1938 simply assume their
original status. No new notes are taken and no
amount is stated as being renewed. The original
maturity dates are retained."

You request our opinion as to whether the rein-
statement agreement should be classed as a renewal so as
to cause the instrument to be subject to the tax as pro-
vided by Article 7047e, Vernon's Civil Statutes. After
providing for the levy of a tax of ten cents on each one
hundred dollars or fraction thereof over the first two
hundred dollars on all notes and obligations secured by
various liens which are filed or recorded in the office
of the County Clerk, said Act provides:

...ATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"After the effective date of this Act, except as hereinafter provided, no such instrument shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; providing further that should the instrument filed in the office of the County Clerk be security of an obligation that has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable cash value of all property pledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligation; and, providing further that, except as to renewals or extensions of accrued interest, the provisions of this section shall not apply to instruments given in renewal or extensions of instruments theretofore stamped under the provisions of this Act or the one amended hereby, and shall not apply to instruments given in the refunding of existing bonds or obligations where the preceding instrument of security was stamped in accordance with this Act or the one amended hereby; . . ."

From the facts stated in your letter, prior to the execution of the instrument in question the whole indebtedness was due. It is immaterial as to whether this fact came about through the expiration of time or through the act of the holder of the note in accelerating the maturity of the indebtedness as provided in the agreements between the borrower and the lender. The effect of the agreement in question is purely to renew and extend the maturity date of the indebtedness. The fact that such is accomplished by reinstating the loan in its original condition goes only to the form of the instrument of extension. Since no stamps have ever been placed upon any instrument securing the payment of a part of the indebtedness affected by the reinstatement agreement, the same must now be stamped in accordance with our Opinion No. O-1052. Your question receives an affirmative answer.

APPROVED MAY 2, 1940

*[signature]*

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *[signature]*

Glenn R. Lewis
Assistant

APPROVED OPINION COMMITTEE BY *[signature]* CHAIRMAN